**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| In re: JAMES T. GAVIN and PAULINE GAVIN, ) ) | Case No. 10-62822-LYN |
| Debtors. ) ) | Adv. No. 11-06071 |
| JAMES T. GAVIN and PAULINE GAVIN, ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| DAVID C. McGOWAN, ) ) | |
| Defendant, ) ) | |

**MEMORANDUM and ORDER**

This matter comes before the Court on a motion ("the Motion") by David C. McGowan ("the Movant") for a new trial or to alter or amend the judgment of this court entered on January 30, 2012, ("the Judgment") in favor of James T. Gavin and Pauline Gavin ("the Debtors") which judgment disallowed the Movant's claim no 14-2.  The Motion will be denied.

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On January 30, 2012, the Judgment was entered in this case disallowing the claim of the Movant. The Judgment was supported by an accompanying memorandum ("the Original Memorandum"). The facts recited therein are incorporated herein by reference and, accordingly, will not be repeated here. Terms used in the Original Memorandum are used herein. The Defendant in the adversary proceeding (the Movant) has now filed a motion to alter or amend the judgment or for a new trial. The Movant did not set the matter down for hearing. These facts notwithstanding, the court will consider the Motion.

*Discussion.*

The Motion is brought under Fed.R.Civ.P. 59 which is made applicable in this proceeding by Fed.R.Bankr.P. 9023. Rule 59 provides that the court, after a nonjury trial, may grant a new trial for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.[1]

---

[1] Rule 59 provides in full:

(a) In General.(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

2

The Motion is based on a post ('the Post") dated February 10, 2006, that the Movant found on the internet. The comment, which was written by a poster identified as "ajaxbeer", reads:

> eBayer "pgavin7634" likes to steal images of beer labels from other sellers' auctions, then turns around and offers to put those stolen images on t-shirts. I think he limits the breweriana t-shirts to labels because of the high resolution scans. There was one instance where t-shirts of never-seen-before labels offered by "Steninerbears" labels were being offered by "pcgavin7634" . . . While the "Steinerbears" labels were still on the auction block! I know of at least one guy who will never scan good labels or lithos again!

The Post is dated February 10, 2006.

In the Motion, the Movant asserts that Steinerbears is the party to whom the Original Labels were sold. The Movant then concludes that Mr. Gavin could not have produced his images from the Original Beer because Steinerbears was selling them independently on Ebay.

The Motion cannot be granted for a number of reasons. First, a party introducing newly discovered evidence must have been excusably ignorant of the evidence that he now seeks to introduce. 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2808, (Citing *Budder v. Fiske*, 174 F.2d 260 (8th Cir. 1949) and others.) The Post is dated February 10, 2006, and, presumably, has been available through a simple internet search since that date. The Movant had access to the Post on the internet for at least five years before the date of the trial in

---

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.
(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.
(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

this matter. Accordingly, it is not now a proper basis for a motion under Rule 59.

Second, the new evidence must be admissible. 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2808 (Citing *Murdock v. U.S.*, 160 F.2d 358 (8th Cir. 1947) among other opinions.). In this instance, the Post would not be admissible, even assuming that it could be authenticated under Fed.R.Evid. 901. The Post is a comment by a third party, ajaxbeer, alleging that Mr. Gavin used an image created by a fourth party, Steinerbears. Neither ajaxbeer nor Steinerbears is available to the parties or to the court. The Post constitutes the rankest form of hearsay and could not be admitted over the objection of the Debtors. *See* Fed.R.Evid. 801(a). Accordingly it is not new evidence that the court can consider.

Finally, even if the Post were admissible and even if the labels offered by Steinerbears were also offered by the Debtors, or one of them, it would not prove the Movant's conclusion that they were stolen. It is not Steinerbears that is making the accusation, it is ajaxbeer. Steinerbears may have very well allowed the Debtors to use the images. Further, there is no evidence as to when Steinerbears acquired the Original Beer Labels. If the Debtor created their own images from the Original Beer Labels with the permission of the prior owner and before Steinerbears obtained them, then nothing would be proved by the allegations in the Post.

### *Conclusion*

The new evidence proffered by the Movant was available prior to trial, is not admissable, and does not provide a basis for altering the Judgment. Accordingly, the Motion for a new trial or to amend the Judgment will be denied

### **ORDER**

The Motion for a new trial or to amend the Judgment rendered in the above-styled

adversary proceeding shall be, and hereby is, denied.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies of this memorandum and order to David C. McGowan, C. Lamar Garren, Esq., and the Chapter 13 trustee.

Entered on this  17th  day of April, 2012.

_____
William E. Anderson
United States Bankruptcy Judge